IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SIEMENS MEDICAL SOLUTIONS
HEALTH SERVICES CORPORATION

**Plaintiff**

v.                                    **Civil No.** 97-2175 (JAG)

ASHFORD PRESBYTERIAN
COMMUNITY HOSPITAL

**Defendant**

---

## OPINION AND ORDER

Pending before the Court is defendant Ashford Presbyterian Community Hospital's ("defendant") motion *In Limine* requesting that the consequential damages claimed by plaintiff Siemens Medical Solution Health Services Corporation ("plaintiff"), be excluded and deemed waived. For the following reasons, the Court **DENIES** defendant's motion *In Limine*.

### FACTUAL BACKGROUND

Plaintiff brought suit against defendant for the breach of a computer services and maintenance contract ("Invision/Unity Agreement"), entered by the parties on December 28, 1993. The terms of the Invision/Unity Agreement provided for the acquisition by defendant of computer processing services using the Invision



System, and for upgrading and extending defendant's use of the Unity system. Defendant quickly realized that it was unable to pay for the services and software licenses acquired and agreed with plaintiff to continue their contractual relationship on a month by month basis, while indefinitely suspending the execution of Invision/Unity Agreement. This was the situation between the parties until June of 1996 when defendant entered into a computer services and maintenance contract with one of plaintiff's competitors.

## DISCUSSION

### I. Expert Witness

Plaintiff estimates that it suffered consequential damages as a result of defendant's alleged breach in the amount of $631,000.00. Plaintiff intends to present the expert testimony of CPA Carlos Baralt ("Baralt") to justify its estimate of damages. Defendant, however, contends that the methodology used by Baralt when calculating damages is unreliable because it took into account speculative costs and non-existent profits and consequently requests the Court not to allow his testimony.

It is well established that District Judges have "broad latitude" when assessing the reliability of technical or specialized expert testimony. See <u>Kumho Tire Co., Ltd. v.</u>

Carmichael, 526 U.S. 137, 142 (1999). District Judges must make a preliminary assessment of the reliability of an expert's testimony, Hoult v. Hoult, 57 F.3d 1, 4 (1st Cir.1995), and ensure that the expert testimony "will assist the trier of fact to understand or determine a fact in issue." United States v. Shay, 57 F.3d 126, 132-133 (1st Cir.1995). The First Circuit has recognized that "[b]ecause an expert witness's usefulness is almost always a case-specific inquiry, the law affords trial judges substantial discretion in connection with the admission or exclusion of opinion evidence." Bogosian v. Mercedes-Benz of North America, Inc., 104 F.3d 472, 476 (1st Cir.1997). Thus, the Court must determine whether Baralt's report rests on a reliable foundation. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993).

Plaintiff avers that the methodology used by Baralt when computing plaintiff's damages was reliable because it was based on the scientific method. See U.S. v. Santiago Santiago, 156 F. Supp.2d 145. 147 (D.P.R. 2001). Baralt states in his report that he "calculated the profits that would have been earned by [plaintiff] but for the alleged breach (by defendant), and discounted them to the present. The principal elements of the calculation (were) contract, revenues, contract costs, as discount rate and the present value dates." The Court notes, however, that

with the exception of 70% of an employee's salary, no direct expenses were taken into consideration when computing the costs of plaintiff's Puerto Rico operations because no separate financial statements were kept for plaintiff's Puerto Rico operations, since all revenues were accounted as made by plaintiff's worldwide operations. Furthermore, Baralt's assessment was made without the benefit of any examination of the taxes paid by plaintiff for its Puerto Rico operations. Finally, instead of using plaintiff's worldwide operations 9-10% profit margin, Baralt used Puerto Rico operation's higher 45-50% profit margin when calculating lost profits.

Although defendant's objections seem to weaken Baralt's assessment of plaintiff's damages they are insufficient to undermine the reliability of his testimony. The First Circuit has provided an open discussion of factors for a District Court Judge to consider when determining reliability. See, e.g., Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 81 (1st Cir.1998). One of these factors is whether the expert's field of expertise is known to reach reliable results inasmuch as the experts of the field follow standard principles and methods when solving problems. See Kumho Tire Co. v. Carmichael, 526 U.S. at 151. In the present case, it is well known that accountants follow standard principles and methods, that are recognized in their

particular field of expertise. The fact that speculative costs and profits, with all of the economic variables that may effect their clarity, may present a challenge to Baralt's report, when comparing the same to known costs and profits, is not a reason to believe that Baralt did not apply standard principles and methods to the collected data.

Finally, defendant is not prejudiced by the Court's determination because vigorous cross-examination, which Baralt will apparently undergo in this case, and the testimony of defendant's expert witness, Reinaldo Quiñonez, will help reveal whether he has applied the relevant principles and methods to the facts or data of the case.

**II. Plaintiff was reluctant to state the rationale used in their computation of damages and failed to comply with the Court's Trial Scheduling Order.**

Defendant avers that plaintiff failed to comply with the Court's Trial Scheduling Order when plaintiff allegedly failed to provide any explanation as to how it computed the special damages claimed in the Joint Proposed Pre-Trial Order. Defendant, however, has misconstrued the Court's Trial Scheduling Order. The Trial Scheduling Order only required plaintiff to submit a statement detailing the reason and the amount claimed for special damages. A brief reading of plaintiff's legal theory reveals that it claims

$631,000.00 in consequential damages, resulting from plaintiff's alleged breach of the Invision/Unity Agreement. Thus, plaintiff has complied with the Court's Trial Scheduling Order.

### III. Damages claimed by plaintiff are conflicting.

Defendant avers that there is a discrepancy in the amounts claimed by plaintiff in this case. Defendant makes reference to the amount originally claimed by plaintiff in its Complaint, and the damages recognized by Baralt in his report. Nevertheless, it is clear from the record that the $1,812,642.56 claimed in the Complaint did not take into account costs which were later reduced in Baralt's report. Thus, the Court finds no discrepancy in the damages claimed by plaintiff.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion *In Limine*.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 23rd day of August 2002.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge