UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SHARED MEDICAL SYSTEMS
CORPORATION

    **Plaintiff**

    v.                                    CIVIL NO. 97-2175 (JAG)

ASHFORD PRESBYTERIAN
COMMUNITY HOSPITAL

    **Defendant**

---

### MEMORANDUM AND ORDER

Plaintiff, Shared Medical Systems Corporation, now known as Siemens Medical Solutions Health Services Corporation ("plaintiff") brought a collection of monies and a breach of contract civil action against defendant Presbyterian Community Hospital, Inc. ("defendant"). Plaintiff has filed a motion for partial summary judgment alleging that it invoiced the defendant for services it rendered in accordance with the terms of a contract in the months of June and July 1997. These invoices, which amount to $107,121.26, including principal and interests, are allegedly still outstanding. For the following reasons, the Court **DENIES** plaintiff's motion for partial summary judgment.



1



Plaintiff provided computer services to defendant from 1982 through July 1997. The parties signed contracts in 1982, in 1988 ("the 1988-Agreements") and the Invision/Unity Agreement ("1993-Invision/Unity Agreement"). Plaintiff claims that defendant breached the 1993-Invision/Unity Agreement because defendant failed to fulfill its obligations under it, and caused plaintiff economic damages in the total amount of $631,000.00.

Additionally, plaintiff claims that from mid-1994 until May 1997, defendant paid the fees under the 1993-Invision/Unity Agreement but did not pay the invoices for the months of June and July 1997, in the amount of $56,469.26. This amount allegedly accrued a 1.5 percent monthly interest for late payment. This accrued interest allegedly amounts to $50,652.00 as of August 26, 2002. Thus, the total amount claimed for these invoices is $107,121.26.

Plaintiff further alleges that on November 13, 1996, defendant informed plaintiff that it would not honor the 1993-Invision/Unity Agreement, and that it had reached an agreement with one of plaintiff's competitors, Meditech, to fully replace all plaintiff's financial and clinical applications. Plaintiff alleges that defendant informed plaintiff that it wished to support its software conversion by receiving services from plaintiff until at least July

2

1997. Plaintiff further alleges that it did not receive any notice of default, as required in the 1993-Invision/Unity Agreement, before defendant's termination of the same, nor was plaintiff in default thereunder. The contractual relationship between the parties did come to an end on July 31, 1997, when plaintiff disconnected its system.

Plaintiff has claimed economic damages for defendant's alleged breach of the 1993-Invision/Unity Agreement. These damages include the alleged services plaintiff rendered in accordance with the terms of the 1993-Invision/Unity Agreement in the months of June and July 1997. Defendant has refused to pay these services, alleging that they are not owed because the 1993-Invision/Unity Agreement was never put into effect, and because the Invision system was never installed. Plaintiff, on the other hand, alleges that these services are not related to the installation of the Invision system, and that allegedly the defendant never disputed that the services were provided by plaintiff.

These allegations require credibility assessments which must be made by the jury. The Court finds that there is sufficiently reliable evidence in the record that would allow a jury to infer that the invoices in controversy are not owed inasmuch as the Invision system was never installed. Accordingly, there are

3

genuine issues of fact that preclude partial summary judgment on plaintiffs' collection of monies claim. In light of the foregoing, the Court **DENIES** plaintiff's motion for partial summary judgment. (Docket No. 76). Plaintiff must present its collection of monies claim at trial.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of September 2002.

---
JAY A. GARCIA-GREGORY
U.S. District Judge