IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SHARED MEDICAL SYSTEMS,

    **Plaintiff(s)**

v.

ASHFORD PRESBYTERIAN COMMUNITY
HOSPITAL

    **Defendant(s)**

CIVIL NO. 97-2175 (JAG)

---

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

On August 4, 1997, plaintiff Shared Medical Systems Corp. ("SMS") brought suit against Ashford Presbyterian Community Hospital (the "Hospital") for collection of money and breach of contract under Puerto Rico law (Docket No. 1).[1] On September 11, 2002, a jury returned a verdict for plaintiff in the amount of $575,000.00 (Docket No. 157), and the Court entered judgment for plaintiff (Docket No. 159). Pending before the Court are the Hospital's post-verdict motions for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 (Docket No. 162), or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59 (Docket No. 163); SMS's bill of costs seeking the taxation upon the Hospital of $128,487.00 as costs (Docket No. 161); and SMS's motion

---

[1] The Court's jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.



Civil No. 97-2175 (JAG)                                                    2

for attorney's fees, as well as pre-judgment interest, pursuant to Rules 44.1(d) and 44.3(b) of the Puerto Rico Rules of Civil Procedure ("P.R.R.Civ.P."), 32 P.R. Laws Ann. Ap. III, R. 44.1(d) and 44.3(b) (Docket No. 186). For the reasons discussed below, the Court denies the Hospital's post-verdict motions and SMS's motion for attorney's fees and pre-judgment interest. Furthermore, the Court modifies and grants SMS's bill of costs in the amount of $5,414.30.

## DISCUSSION

A. <u>The Hospital's Post-Verdict Motions</u>

    1. <u>Motion for Judgment as a Matter of Law under Rule 50</u>

Rule 50 allows a party during a jury trial to move the Court for entry of judgment as a matter of law if the opposing party "has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue...." Fed.R.Civ.P. 50(a)(1). If for any reason the Court denies the motion, "[t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment...." Fed.R.Civ.P. 50(b). "[T]he party renewing a motion for judgement as a matter of law pursuant to Rule 50(b) 'is required to have moved for judgment as a matter of law at the close of all evidence.'" <u>Taber Partners I v. Insurance Co. of North America, Inc.</u>, 917 F.Supp. 112, 115 (D.P.R.

Civil No. 97-2175 (JAG)                                              3

1996) (quoting Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 758 (1st Cir. 1994)).

"A motion for judgment as a matter of law, like a motion for summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986)). Pursuant to Fed.R.Civ.P. 50, the Hospital's "motion for judgment cannot be granted unless, as matter of law, [SMS] failed to make a case and, therefore, a verdict in movant's favor should have been directed." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

In support of its motion, the Hospital raises four main arguments: (1) that issues that had been decided at previous stages were reopened and revisited at trial; (2) that the jury's verdict is contrary to the good-faith principles that permeate our entire legal system; (3) that, notwithstanding the doctrine of judicial estoppel, SMS brought conflicting causes of action; and (4) that the Court's denial of the Hospital's motion in limine permitted the jury to hear confusing testimony regarding SMS's damages.

Upon review of the Hospital's motion, however, the Court finds that its arguments lack merit and finds no reason to upset the jury's verdict. The controversy in this case arose out of different interpretations of what was said or left unsaid at a meeting between the parties on July 15, 1994; namely, whether the

Civil No. 97-2175 (JAG)                                                  4

1993 agreement between SMS and the Hospital had been cancelled or merely postponed. The outcome depended heavily upon the credibility of each party's witnesses. In this case, the jury chose to believe SMS's witnesses over the Hospital's, thus rendering a verdict in their favor. Therefore, the motion must be denied and the jury's verdict allowed to stand.

2. <u>Motion for New Trial under Rule 59</u>

Rule 59 allows the Court to order a new trial, upon a party's or its own motion, "for any of the reasons for which new trials have heretofore been granted." Fed.R.Civ.P. 59(a); <u>See also</u> <u>Taber Partners I</u>, 917 F.Supp. At 116.

> The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury. <u>Montgomery Ward & Co.</u>, 311 U.S. at 251.

The Court may grant a new trial although it has denied entry of judgment as a matter of law under Fed.R.Civ.P. 50, <u>China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc.</u>, 856 F.Supp. 856, 862 (D. Del. 1994), or even when substantial evidence supports the jury's verdict, <u>Lama v. Borras</u>, 16 F.3d 473, 477 (1st Cir. 1994). A new trial, however, "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,'

Civil No. 97-2175 (JAG)                                              5

the verdict 'cries out to be overturned,' or where the verdict 'shocks our conscience.'" Smith v. Delaware Bay Launch Service, Inc., 842 F.Supp. 770, 778 (D. Del. 1994) (quoting Cudone v. Gehret, 828 F.Supp. 267, 269 (D. Del. 1993)).

The Hospital argues that there is uncontroverted testimony which would lead a reasonable juror to find in its favor. The Court disagrees. As stated above, this case turns on a factual dispute regarding whether the contract between the parties had been cancelled or merely postponed, and the jury resolved this question in SMS's favor. The Hospital's only new argument is that SMS did not live up to its obligations under the contract.[2] If the contract had been postponed until the Hospital found itself in a better financial situation such that their relationship was governed by the terms of the 1988 agreement, then SMS had no reason to install the software or hardware. Both parties presented testimony in support of their contention and the jury chose to believe SMS's position that the contract had been merely postponed. Finding no reason to believe that the verdict constitutes a "miscarriage of justice" nor that it "shocks the conscience", the

---

[2]The Court notes that in order to successfully make this argument, the Hospital would have to concede that the contract was never cancelled, and thus has acted obstinately in denying its liability.

Civil No. 97-2175 (JAG)                                                    6

Court will not grant a new trial in this case. See <u>Smith</u>, 842 F.Supp. at 778.

B. <u>SMS's Bill of Costs</u>

Pursuant to Fed.R.Civ.P. 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party." The statute allows the prevailing party to recover as costs:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." <u>Pershern v. Fiatallis North America, Inc.</u>, 834 F.2d 136, 140 (8th Cir. 1987) (citing <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987)).

SMS seeks to recover $128,487.00 as costs in this case. The Court finds, however, that the amount is excessive and that SMS has failed to sufficiently explain why some of these costs were

Civil No. 97-2175 (JAG)                                                    7

necessary to the litigation of this case. Therefore, the Court will grant SMS bill of costs with the following modifications:

1. Fees of the Clerk

As fees of the clerk, SMS seeks to recover $400.00: $150.00 for filing fees and $250.00 that SMS tendered as the non-resident bond required by Local Rule 304. The purpose of the bond required by Local Rule 304 is to secure the costs, expenses, and attorney's fees which may be awarded in favor of the defendant. The Court will allow SMS to recover these costs.

2. Fees for Service of Summons and Subpoena

SMS seeks to recover $45.00 for service of summons. This amount includes a $15.00 messenger fee for filing the complaint and $30.00 for service upon the Hospital's attorney of a copy of the complaint. The service of summons was made by private messenger, rather than by the marshal. Although the statute does not specifically provide for the allowance of costs when private servers are used, "[t]his Court has unequivocally stated that the fees of private servers are properly taxed as costs 'in light of the trend toward substitution of private process servers for the U.S. Marshals Service.'" Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 33 (D.P.R. 2000) (quoting Riofrio Anda v. Ralston Purina Co., 772 F.Supp. 46, 55 (D.P.R. 1991)). The cost of serving summons upon defendant is recoverable, however, the

Case 3:97-cv-02175-JAG    Document 193    Filed 12/02/2002    Page 8 of 14

Civil No. 97-2175 (JAG)                                                    8

cost of a messenger to file the complaint is not. Therefore, the Court will allow SMS to recover only the $30.00 charged in connection with the service of summons.

3. <u>Deposition Expenses</u>

SMS seeks to recover $5,130.00 for the cost of taking the depositions of Ivan Colon, Minerva Melendez, Angel Herrera, Ivan Millon, Belisario Matta, Rafael Longo, and Reynaldo Quiñones. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking depositions fits within [28 U.S.C. § 1920(2)]." <u>Pan American Grain Mfg. Co.</u>, 193 F.R.D. at 38 (<u>citing</u> <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 249 (1st Cir. 1985)). "[I]f depositions are either introduced as evidence or used at trial, their costs should be taxable to the losing party," <u>Templeman</u>, 770 F.2d at 249. If they are not used at trial nor introduced as evidence, however, "[i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it...." <u>Id.</u> "The determining factor is whether 'the deposition reasonably seemed necessary at the time it was taken.'" <u>Riofrio Anda</u>, 772 F.Supp. at 55 (<u>quoting</u> 10 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2676, at 474 (1998)).

Civil No. 97-2175 (JAG)                                                    9

The Hospital argues that only the depositions of Herrera, Longo, Matta, and R. Quiñones were used at trial and that it should only be taxed for the cost of those four depositions ($3,502.00). SMS argues that it used those four depositions, plus the depositions of Melendez and Colon, during trial in order to prepare for the cross-examination of these witnesses.³ SMS further argues that, although Millon did not testify at trial, it used Millon's deposition in order to prepare to impeach the Hospital's other witnesses during cross-examination.

The Court will allow SMS to recover the cost of the depositions of Colon, Melendez, Herrera, Matta, Longo, and R. Quiñones in the amount of $4,562.00; but not the cost of Millon's deposition because its alleged use during trial is at best questionable and it has not demonstrated that the deposition reasonably seemed necessary at the time it was taken.

4. <u>Fees and disbursements for Reproduction of Documents</u>

SMS seeks to recover $87.50 for the cost of reproduction of documents. These costs can only be recovered if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

---

³In its reply to defendant's opposition to the bill of costs (Docket No. 176), SMS also lists Arnaldo Quiñones as one of the witnesses whose deposition it used at trial. SMS, however, has failed to include the cost of his deposition in the bill of costs and has, therefore, waived the recovery of such costs.

Civil No. 97-2175 (JAG)                                                   10

Moreover, "recording what documents were copied and explaining how the documents were used in the case is absolutely necessary before the Court can permit such an award." Ramos v. Davis & Geck, Inc., 968 F.Supp. 765, 782 (D.P.R. 1997).

SMS has recorded the documents it copied, however, it has failed to explain how they were used in the case. The Court will allow SMS to recover the cost of reproducing the pleadings and what is listed in the schedule as its exhibits because their use in the case is self evident. Accordingly, the Court will allow SMS to recover a total of $27.00 (270 copies x $0.10).

5. Fees for Witnesses

SMS seeks $121,614.00 as compensation for its expert witness Carlos Baralt. The statute, however, allows recovery of only $40 per day as compensation for witnesses. See 28 U.S.C. 1821(b). "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co., 482 U.S. at 445. The statutory allowance "does not include the expert witness fees for consultation, analysis, and intellectual effort." Ramos, 968 F.Supp. at 782. Therefore, SMS can only recover the statutory amount of $40 per day for the witness' attendance at trial.

Civil No. 97-2175 (JAG)                                                    11

The fees charged by Baralt include a myriad of activities he undertook in relation to the case, however, there is only evidence that he attended and/or testified at trial during three days (August 26-28, 2002). The remaining fees are related to consultation and analysis and cannot be recovered absent a contractual or statutory authorization. Furthermore, Baralt lists $300 as expenses, but failed to itemize them. Hence, without knowledge of how the expenses were incurred, the Court is not in a position to allow SMS to recover for these costs. Therefore, the Court will only allow SMS to recover $120.00 ($40 x 3 days) as compensation for its witness.

6. <u>Compensation of interpreters and costs of Special Interpretation Services</u>

SMS seeks to recover $550.60 for the cost of translating certain documents. Local Rule 108.1 requires litigants to submit certified translations of any document not in the English language to be used as evidence. Reasonable costs of translating documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation. <u>See</u> <u>Pan American Grain Mfg. Co.</u>, 193 F.R.D. at 38. SMS states that it translated the documents so that they could be filed with the docket clerk prior to the commencement of trial. The Court will allow SMS to recover the costs of translations, but not in the amount that it seeks.

Civil No. 97-2175 (JAG)                                                    12

SMS paid for the translations at a rate of $0.20 per word for same day service. Because this case was filed in 1997 and went to trial in 2002, the Court does not find it reasonable for SMS to have waited until less than a month before trial to translate the documents. Therefore, the Court will allow SMS to recover only the amount of $0.10 per word, for a total of $275.30 for the cost of translations.

### 7. Other Costs

SMS seeks to recover $660.00 for the cost of eleven mounted enlargements. SMS used these enlargements during trial to better represent its case before the jury. These costs, however, are not allowed by § 1920. Furthermore, although helpful and convenient, these enlargements were not necessary to the litigation of this case. Therefore, the Court will deny these costs.

### C. SMS's Motion for Attorney's Fees and Pre-Judgment Interest

SMS moved for an award of no less that $300,000.00 in attorney's fees pursuant to P.R.R.Civ.P. 44.1(d), as well as for an award of pre-judgment interest pursuant to P.R.R.Civ.P. 44.3(b).

According to P.R.R.Civ.P. 44.1(d), attorney's fees may be awarded "[i]n the event any party or its lawyer has acted obstinately or frivolously...." The main purpose of this rule is "to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude

Civil No. 97-2175 (JAG)                                                      13

has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Vicente Fernandez Marino v. San Juan Cement Co., 118 D.P.R. 713, 18 P.R. Offic. Trans. 823, 830 (1987). "A party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.'" Correa v. Cruisers, a Div. of KCS Intern., Inc., 125 F.Supp.2d 578, 582 (D.P.R. 2000) (quoting Newell Puerto Rico, Ltd. v. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994)).

SMS claims that the Hospital was obstinate because it refused several settlement offers for amounts near or under what the jury finally awarded. The Court disagrees. The issue in this case was one of interpretation, which could only be decided through a credibility assessment. The Hospital had an interpretation of the July 1994 meeting and SMS another and the jury decided in favor or SMS. That the jury chose to believe SMS does not necessarily mean that the Hospital was obstinate. The Court denies SMS's motion for attorney's fees and denies pre-judgment interest in this case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Hospital's post-verdict motions and SMS's motion for attorney's fees and pre-

Civil No. 97-2175 (JAG)                                                14

judgment interest. Furthermore, the Court **MODIFIES** and **GRANTS** SMS's bill of costs in the amount of $5,414.30.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of November 2002.

JAY A. GARCIA GREGORY
United States District Judge