IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHARED MEDICAL SYSTEM CORP. | Civil No. 97-2175(JAG) |
| Plaintiff | |
| v. | ACTION FOR BREACH OF CONTRACT |
| ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, INC. | |
| Defendant | |

**DEFENDANTS OPPOSITION TO `PLAINTIFF'S MOTION FOR "RECONSDIERATION, TO COMPEL THAT A SUERPSEDEAS BOND BE POSTED, AND FOR RELATED RELIEF AGAINST JUDGEMENT DEBTOR**

TO THE HONORABLE COURT:

COMES NOW defendant, Presbyterian Community Hospital (the "Hospital"), wrongfully referred to as  Ashford Presbyterian Community Hospital, Inc., through the undersigned attorneys and respectfully states, alleges and prays:

**I.    INTRODUCTION**

1.    On or about the 5th of December 2002, plaintiff Siemens Medical Solutions Health Services Corporation's ("SMS") filed a  "Motion  Requesting [an] Order for [the] Execution of Judgment" and the attachment of the Hospital's real property to satisfy the judgment amount of $575,000 and $5,414.30 in costs entered by the Court.

2.    On January 10, 2003 , the Hospital opposed to SMS' petition and moved the Court pursuant to Fed. R. Civ. P. 62(d) for a stay of execution of the Court's judgment of September  11, 2002 and November 26, 2002 -- without the

requirement of posting a supersedeas bond, pending the mediation proceedings requested by defendant  and the final determination of its appeal before the First Circuit.

3.      I support of its Motion, defendant submitted an unsworn declaration of its Executive Director, the Financial Statements of the Hospital, for the years ending on June 2001 and 2000, rendered by an independent audit firm, Pannell Kerr Foster, LLP, and the Preliminary Financial Statement for the year ending on June 2002, prepared by the firm of Cardona, Irizarry & Co., all of which objectively demonstrated that the Hospital – which has operated for more than 90 years now in Puerto Rico, and is widely recognized as one of the most advanced health care institutions of the Island and the Caribbean – has a sound financial condition and the prospective ability to pay SMS in full any judgment upheld in appeal.   As stated by the First Circuit, in these circumstances **"the defendant's ability to pay is so plain that the posting of a bond would [have be]en] a waste of money"**.  Acevedo-García v. Vera Monroig, 296 F.3d 13, 17 (1st Cir. 2002).

4.      On September 22, 2003, the Court entered an Order denying plaintiffs Motion for Execution and, in light of defendants sound financial capacity, instructing the Hospital to post a supersedeas for an amount of $50,000.

5.      Upon receiving the Court's Orders, the Hospital, through the undersigned counsel, diligently contacted the Hospital's insurance broker in order to comply with the Court's order and post the required supersedeas bond.  See

**Exhibit "A**".

6.      However, obedient to the duty of candor and honesty that all parties and counsel owe to the Court, defendant must admit that both, the attention of the Hospital and that of its attorneys unconsciously delved into other professional and business matters, with the unwanted consequence that no follow up was given to defendant's insurance broker on the status of the bond.

7.      Through this motion, the Hospital very respectfully prays this Honorable Court accept the supersedeas bond that is being posted today at the clerk's office (Bond No. F-00034857), and deny plaintiff's meritless request that a bond be posted by defendant for the total amount of the judgement of $575,000.    Defendant very respectfully believes that there is the requisite "excusable neglect" as per Fed. R. Civ. P. 6(b)(2) to allow the filing of the supersedeas bond ordered by the Court on September 22, 2003 .

## II.    ARGUMENT

8.      The appropriate standard of "excusable neglect" under Fed. R. Civ. P. 6(b)(2) is the one espoused by the Supreme Court in Pioneer v. Brunswick Assoc. Limited, 507 U.S. 380, 113 S.Ct. 1489 (1993).  See Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997).  In Pioneer the Supreme Court indicated that "'excusable neglect' is understood to encompass [even] situations in which the failure to comply with a filing deadline is attributable to negligence." Id at 394.   Then the Supreme Court concluded that the determination of what is "excusable" was an equitable one, which

had to take into account all relevant circumstances, including: (i) the danger of prejudice to parties; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether movant acted in good faith. Id at 395.

9.      Regarding the length of the delay, the Hospital respectfully submits that it has had **no impact whatsoever** on the judicial proceedings.   This case is on an appeal whose briefing schedule has not been even set by the Court of Appeals, due to problems experienced by the Court Reporter in providing the transcript of the trial hearings.   There is no appreciable negative impact on the court's proceedings.  To be sure, the posting of a bond has nothing to do with the course of this case on appeal, or for that matter, in this Honorable District Court, but on the ability or lack of ability of the defendant to pay the full amount of the judgment, if it does not prevail on appeal.   Clearly, the instant situation has not caused any impact on the proceedings.  This is not the typical case discussed in the jurisprudence where the delay has caused a severe interference in the court's proceedings. See e.g., Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576 (1st Cir. 1994) (affirming denial of extension to oppose a summary judgment, where the plaintiff had previously trespassed on the court's indulgence many times by amending the complaint three times, by obtaining at least five enlargements of time to oppose earlier motions for summary judgment, and by successfully rescheduling pretrial conferences on no fewer than four occassions).

10.     Regarding the potential danger of prejudice to the parties, **plaintiff does not claim nor alleges**, **as it cannot do**, that the posting of the bond at this time has caused or will cause any prejudice.    Clearly, Plaintiff has suffered no discernible prejudice at all and the undisputed fact is that the Hospital is still fully capable of satisfying the judgment entered by the Court.    On this regard, Plaintiff's remonstrance that "the Hospital recently announced a $12 million investment to add a wing and expand medical services . . . [and] that "it is evident that the Hospital is utilizing the money that would eventually pay for the judgment in this case for other purposes" is not only counterintuitive, but against the most basic and common cannons of business evaluation.    If anything, the fact that defendant is engaging in an expansion of its facilities proves that the Hospital is a successful business enterprise.      Simply put, plaintiff's self-serving conclusions and apocalyptic predictions are an oxymoron: a thriving business enterprise is less capable of satisfying a judgment than a stagnated one.

10.     Regarding good faith, the Hospital has acted in good faith at all times. Moreover, if the Court considers that it has notified two settlement offers to defendant, who has rejected both and insisted on the full payment of the judgment. The Hospital's submissions have not been filed with the intent to cause unnecessary delay, or to protract the proceedings.

11.     Finally,  we respectfully submit that the interests of justice militates against plaintiff's position.  Less than two years ago, the First Circuit ratified the rule

that at the discretion of the District Court "no bond is required if: (1) **the defendant's ability to pay is so plain that the posting of a bond would be a waste of money**; Acevedo-García 296 F.3d at 17 (citing Olympia Equipment Leasing Corp., 786 F.2d at 796) (Emphasis added). Thus, "proof of ability to pay is proper ground for omitting [the] bond requirement" set by Fed. R.Civ. P 62(d). Id. (citing Sealover v. Carey Canada, 806 F. Supp. 59, 62 (M.D. Pa. 1992). On this regard, the only thing required from the movant of a motion to stay execution of judgment without bond is to provide "adequate information supporting its [financial] capacity" and a determination that under those circumstances posting a bond would be inappropriate and a waste of money. Acevedo-García 296 F.3d at 17. Again, this has been amply demonstrated by the Hospital in this case.

12. Lastly, we do apologize to the Honorable Court for the delay in the posting of the supersedeas bond. The undersigned certifies to the Court that neither the Hospital nor its attorneys follow a practice of filing late submissions. The instant case must be considered a particular situation, reason why the Hospital prays that this Honorable Court denies plaintiff's motion and accepts the bond that is being posted today at the clerk's office.

WHEREFORE, for the foregoing reasons defendant respectfully requests the Court to deny plaintiff's "Motion for Reconsideration, to Compel that a Supersedeas Bond be Posted, and for Related Relief against Judgment Debtor", and that the bond being posted today at the clerk's office be accepted pending determination of the

appeal filed on March 31, 2004.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of March, 2004.

**WE HEREBY CERTIFY** that copy of this Notice of Appeal has been sent by ordinary mail to: **Pedro Pierlusi, Esq.**, O'Neill & Borges, American International Plaza, Suite 800, 250 Muñoz Rivera Ave., Hato Rey, P.R. 00918-1813 and **Rafael Baella, Esq.**, Baella & Barceló, Esquire Bldg, Suite 102, #2 Vela St., Hato Rey, P.R. 00918.

**SANCHEZ BETANCES & SIFRE, P.S.C.**
BOLIVIA 33, SUITE 500
P.O. BOX 195055
SAN JUAN, PUERTO RICO  00919-5055
Phone: (787) 756-7880
Fax No. (787) 753-6580


s/JAIME SIFRE RODRIGUEZ
USDC No. 117409


s/ GERARDO DE JESUS ANNONI
USCD No. 212209